UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEISBROD MATTEIS & COPLEY PLLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY,<br><br>    *Defendant*. | Civil Action No. 17-365 (RBW) |

**DEFENDANT'S ANSWER
TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF**

Defendant Federal Emergency Management Agency ("FEMA"), by and through undersigned counsel, and without waiving any defenses or affirmative defenses to which Defendant may be entitled, hereby files this Answer to Plaintiff's Complaint for Injunctive Relief ("Complaint") as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND DEFENSE**

Some or all of the requested documents, or portions thereof, are exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b).

**DEFENDANT'S RESPONSES TO THE NUMBERED PARAGRAPHS**

Using the same organization, heading titles, and numbered paragraphs as the Complaint, Defendant Answers Plaintiff's allegations in the paragraphs of the Complaint as follows:

1

**COMPLAINT FOR INJUCTIVE RELIEF**

1. Paragraph 1 contains Plaintiff's characterization of this action and legal conclusion, not allegations of fact, and thus no response is required.

**SUMMARY OF ACTION**

2. Paragraph 2 contains Plaintiff's characterization of its law firm and clients as well as FEMA's role in the National Flood Insurance Program ("NFIP"), to which no response is required.

3. Paragraph 3 contains Plaintiff's characterization of its clients and other NFIP policyholders as well as subsequent lawsuits filed by those individuals, allegations which are immaterial and impertinent to this action and to which no response is required.

4. Paragraph 4 contains Plaintiff's characterization of a *60 Minutes* interview from March 2015, allegations which are immaterial and impertinent to this action and to which no response is required.

5.–7. Paragraphs 5 to 7 contain Plaintiff's characterization of the Sandy Claims Review ("SCR") process, allegations which are immaterial and impertinent to this action and to which no response is required.

8. Defendant admits that Plaintiff filed two Freedom of Information Act ("FOIA") requests dated January 6, 2016, and February 9, 2016, respectively. Defendant denies the remainder of the allegations in this paragraph. Defendant further avers that on April 12, 2016, it assigned the January 6, 2016, FOIA request the tracking number 2016-FEFO-01369 and emailed an acknowledgement letter on that day stating the same to Plaintiff at fussell@wmclaw.com. Defendant further avers that on March 10, 2017, it assigned the February 9, 2016, FOIA request the tracking number 2017-FEFO-01350 and emailed an acknowledgement letter on that day stating the same to Plaintiff at jfussell@wmclaw.com.

9. Paragraph 9 contains Plaintiff's characterization of the SCR process and Plaintiff's legal conclusions to which no response is required. To the extent a response is required, denied.

## JURISDICTION AND VENUE

10. Paragraph 10 contains Plaintiff's legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that this Court has jurisdiction.

11. Paragraph 11 contains Plaintiff's legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that venue lies in the District of Columbia.

## PARTIES

12. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and on that basis denies.

13. Admitted.

## STATEMENT OF FACTS

**I. FEMA Created the SCR to Redress System Fraud in the Handling of NFIP Claims Following Sandy[1]**

The heading for Section I contains Plaintiff's characterization of the SCR process, allegations which are immaterial and impertinent to this action and to which no response is required.

14.–16. Paragraphs 14 to 16 contain Plaintiff's characterization of the NFIP, allegations which are immaterial and impertinent to this action and to which no response is required.

---

[1] Defendant reproduces the headings merely for ease of reference and to maintain the organization of the Complaint. To the extent the headings contain factual allegations, Defendant answers those allegations in the paragraphs that immediately follow each individual heading.

17. Paragraph 17 contains Plaintiff's characterization of Hurricane Sandy, allegations which are immaterial and impertinent to this action and to which no response is required.

18. Paragraph 18 contains Plaintiff's characterization of actions taken by certain NFIP policyholders, allegations which are immaterial and impertinent to this action and to which no response is required.

19. Paragraph 19 contains Plaintiff's characterization of lawsuits filed by certain NFIP policyholders, allegations which are immaterial and impertinent to this action and to which no response is required.

20.–21. Paragraphs 20 to 21 contain Plaintiff's characterization of a *60 Minutes* interview from March 2015, allegations which are immaterial and impertinent to this action and to which no response is required.

22. Paragraph 22 contains Plaintiff's characterization of Congressional testimony by a former FEMA employee, allegations which are immaterial and impertinent to this action and to which no response is required.

23. Paragraph 23 contains Plaintiff's characterization of alleged misconduct and subsequent investigations related to NFIP claims made as a result of Hurricane Sandy, allegations which are immaterial and impertinent to this action and to which no response is required.

24. Paragraph 24 contains Plaintiff's characterization of a federal magistrate judge's adjudication related to NFIP claims made as a result of Hurricane Sandy, allegations which are immaterial and impertinent to this action and to which no response is required.

25. Paragraph 25 contains Plaintiff's characterization of actions taken by the New York attorney general's office, allegations which are immaterial and impertinent to this action and to which no response is required.

26. Paragraph 26 contains Plaintiff's characterization of a report published by the DHS Office of Inspector General, allegations which are immaterial and impertinent to this action and to which no response is required.

27. Paragraph 27 contains Plaintiff's characterization of the NFIP Transformation Task Force, allegations which are immaterial and impertinent to this action and to which no response is required.

28. Paragraph 28 contains Plaintiff's characterization of certain litigation and the SCR process, allegations which are immaterial and impertinent to this action and to which no response is required.

29.–34. Paragraphs 29 to 34 contain Plaintiff's characterization of the SCR process and alleged communications made on behalf of Defendant related to the SCR process, allegations which are immaterial and impertinent to this action and to which no response is required.

II. **FEMA's Administration of the SCR Program Has Been Fraught with Procedural and Substantive Problems, Which Have Continued to Harm FEMA's Policyholders While Providing a Boondoggle For Its Contractors**

The heading for Section II contains Plaintiff's characterization of the SCR process, allegations which are immaterial and impertinent to this action and to which no response is required.

35. Paragraph 35 contains Plaintiff's characterization of the SCR process, allegations which are immaterial and impertinent to this action and to which no response is required.

### A. The SCR Staff Is Plagued By Conflicts of Interest

The heading for Subsection A contains Plaintiff's characterization of the SCR staff and alleged conflicts of interest related to the SCR process, allegations which are immaterial and impertinent to this action and to which no response is required.

36. Paragraph 36 contains Plaintiff's characterization of SCR case workers, allegations which are immaterial and impertinent to this action and to which no response is required.

37. Paragraph 37 contains Plaintiff's characterization of alleged actions taken by an SCR case worker, allegations which are immaterial and impertinent to this action and to which no response is required.

38. Paragraph 38 contains Plaintiff's characterization alleged conflicts of interest related to the SCR process, allegations which are immaterial and impertinent to this action and to which no response is required.

39.–40. Paragraphs 39 to 40 contain Plaintiff's characterizations of alleged conflicts of interest related to the SCR process and the JAMS neutral review process, allegations which are immaterial and impertinent to this action and to which no response is required.

### B. The SCR Underpays NFIP Policyholders Deliberately and Systematically

The heading of Subsection B contains Plaintiff's characterization of payments made under the SCR process, allegations which are immaterial and impertinent to this action and to which no response is required.

41. Paragraph 41 contains Plaintiff's characterization of alleged comments and actions taken by former SCR staff members, allegations which are immaterial and impertinent to this action and to which no response is required.

42. Paragraph 42 contains Plaintiff's characterization of Defendant's relationship with a consulting company, allegations which are immaterial and impertinent to this action and to which no response is required.

43.–44. Paragraphs 43 to 44 contain Plaintiff's characterization of the alleged functionality of a program or tool used by SCR staff, allegations which are immaterial and impertinent to this action and to which no response is required.

45.–46. Paragraphs 45 to 46 contain Plaintiff's characterization of alleged actions taken by SCR staff related to the processing of policyholder claims, allegations which are immaterial and impertinent to this action and to which no response is required.

47. Paragraph 47 contains Plaintiff's characterization of alleged memoranda issued by FEMA and actions taken by SCR staff, allegations which are immaterial and impertinent to this action and to which no response is required.

48. Paragraph 48 contains Plaintiff's characterization of alleged use of a program or tool used by SCR staff and communications by Defendant to SCR staff, allegations which are immaterial and impertinent to this action and to which no response is required.

**C.    FEMA's Contractors Have Profited Immensely From the SCR While Many Policyholders Remain Underpaid**

The heading of Subsection C contains Plaintiff's characterization of payments made to contractors and policyholders, allegations which are immaterial and impertinent to this action and to which no response is required.

49. Paragraph 49 contains Plaintiff's characterization of payments to policyholders, contractors and FEMA reserve staff, allegations which are immaterial and impertinent to this action and to which no response is required.

50.     Paragraph 50 contains Plaintiff's characterization of Defendant's relationship with Optimal Solutions & Technologies, Inc. (OST) and OST's hiring practices, allegations which are immaterial and impertinent to this action and to which no response is required.

51.     Paragraph 51 contains Plaintiff's characterization of OST's expertise and experience, allegations which are immaterial and impertinent to this action and to which no response is required.

52.     Paragraph 52 contains Plaintiff's characterization of past work as a government IT contractor and a 2010 DHS OIG report, allegations which are immaterial and impertinent to this action and to which no response is required.

53.     Paragraph 53 contains Plaintiff's characterization of the relationship between Defendant and OST as well as alleged actions associated with Mr. David Maurstad, allegations which are immaterial and impertinent to this action and to which no response is required.

54.     Paragraph 54 contains Plaintiff's characterization of alleged conflicts of interest related to Mr. Maurstad, allegations which are immaterial and impertinent to this action and to which no response is required.

55.     Paragraph 55 contains Plaintiff's characterization of alleged communications by FEMA employees related to OST, allegations which are immaterial and impertinent to this action and to which no response is required.

56.     Paragraph 56 contains Plaintiff's characterization of alleged actions of case workers retained by OST to administer the SCR process, allegations which are immaterial and impertinent to this action and to which no response is required.

57. Paragraph 57 contains Plaintiff's characterization of oversight of the SCR process, allegations which are immaterial and impertinent to this action and to which no response is required.

58. Paragraph 58 contains Plaintiff's characterization of the relationship between Defendant and OST, allegations which are immaterial and impertinent to this action and to which no response is required.

59. Paragraph 59 contains Plaintiff's characterization of payments made to OST and to policyholders through the SCR process, allegations which are immaterial and impertinent to this action and to which no response is required.

### WMC'S FOIA REQUESTS

60. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and on that basis denies.

61. Defendant admits that Plaintiff filed FOIA requests with FEMA on January 6, 2016, and February 9, 2016.  Defendant denies the fourth sentence of this paragraph.  The remainder of this paragraph contains Plaintiff's characterization of the two FOIA requests that Plaintiff submitted.  In response to those allegations, Defendant refers the Court to Exhibits A and B to the Complaint for a full and accurate description of their contents.

### COUNT I
### (VIOLATION OF FOIA, 5 U.S.C. § 552(A)(3))

62. Defendant incorporates by reference their responses to the headings and paragraphs 1–61 above.

63.–65. Paragraphs 63 to 65 contain Plaintiff's legal conclusions to which no response is required.  To the extent a response is required, denied.

**PRAYER FOR RELIEF**

The remaining requests A through D are Plaintiff's requests for relief to which no response is required.  Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

WHEREFORE, having fully answered, Defendant respectfully requests that the Court dismiss the complaint with prejudice, enter judgment in favor of Defendant, grant Plaintiff no relief, and grant Defendant such further relief as the Court deems just and proper.

June 19, 2017                                  Respectfully submitted,

CHANNING D. PHILLIPS
D.C. Bar 415793
United States Attorney

DANIEL F. VAN HORN
D.C. Bar 924092
Chief, Civil Division

By:   /s/ Daniel P. Schaefer
DANIEL P. SCHAEFER
D.C. Bar 996871
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2531
E-mail: Daniel.Schaefer@usdoj.gov